UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JEREL WILLIAMS, | No. 2:21-cv-1559 AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 4. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that entity defendants California Department of Corrections and Rehabilitation (CDCR), California Regional Water Quality Control Board (Water Quality Board), Amador County, and City of Ione, and individual defendants Kernan, Bettencourt, Ahmed, Larrabee, Campbell, Lizarraga, Kroyle, Altevogt, Hold, Covello, and Diaz and have subjected plaintiff to unconstitutional conditions of confinement and denied him equal protection in violation of the Eighth and Fourteenth Amendments. ECF No. 1.

Plaintiff alleges that he has been forced to drink and bathe in contaminated water that causes him to break out in a rash after bathing in it and suffer from nausea, vomiting, diarrhea, stomach cramps, dizziness, tremors, bone and joint pain, and constant fatigue when he drinks more than thirty-two ounces at a time. Id. at 11. The water coming from the sink is sometimes brown and smells like mud, dirt, or raw sewage, and the drains often smell of gasoline. Id. at 10-11. The contaminated water is allegedly caused by the failure of Mule Creek State Prison's (MCSP) sewer and storm drain system and the prison's failure to build a third water treatment plant—as required by a 1985 agreement—once the prison reached a population of 1,700 inmates. Id. at 8-10.

////

Defendants are aware of the issues with the water, sewer, and storm drain piping, as well as the contamination of the drinking water, because they have held various public meetings regarding the issue. Id. at 10, 12. Despite being aware of these dangers, defendants have neither warned the inmate population at MCSP nor attempted to provide clean drinking water. Id. The CDCR, Kernan, Diaz, Larrabee, Bettencourt, Ahmed, Campbell, Lizarraga, and Covello have instead tried to cover up the extent of the water contamination by building a culvert system and hiring a specific water testing company whose methods do not conform to EPA standard. Id. at 11-12. These same defendants, other than Covello and Cambell, also authorized the use of unknown chemicals to attempt to stop or prevent water contamination, but the chemicals damaged the boilers, which were replaced. Id. at 14-15. Additionally, Lizarraga authorized inmate laborers to dig up and repair the water and sewer mains in front of Building #2 on A-Facility, resulting in raw sewage contaminating the water supply when the sewer main ruptured and two pipelines were inadvertently crossed until being corrected two days later. Id. 13-14. Lizarraga failed to take reasonable abatement measures when this occurred, such as disinfecting and sanitizing the pipelines, and supplying clean drinking water in the meantime. Id. at 14.

### IV. Claims for Which a Response Will Be Required

Liberally construed, the allegations against Lizarraga related to the attempted repair of the water and sewer mains are sufficient to state a claim under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (Eighth Amendment violation where prison official "knows of and disregards an excessive risk to inmate health or safety"). If plaintiff chooses to go forward without amending the complaint, Lizarraga will be required to respond to this claim.

### V. Failure to State a Claim

#### A. Sovereign Immunity

Plaintiff's claims against the CDCR and the Water Quality Board are barred by sovereign immunity because both entities are arms of the state. See Howlett v. Rose, 496 U.S. 356, 365 (1990) (the state and arms of the state "are not subject to suit under § 1983" (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989))). The Supreme Court has held that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity," Kentucky v. Graham, 473 U.S.

159, 169 n.17 (1985) (citation omitted), and though plaintiff alleges these defendants have waived their immunity by receiving federal funding, he points to no applicable statute, nor is the court aware of any, under which the acceptance of funds would waive immunity in this case. The mere acceptance of federal funding does not, by itself, cause a waiver of sovereign immunity. See Holley v. Cal. Dep't of Corrs., 599 F.3d 1108, 1114 (9th Cir. 2010) (affirming dismissal of complaint against CDCR because California had not constructively waived its sovereign immunity merely by accepting federal funds). For the acceptance of federal funds "[t]o be a valid waiver, a state's consent to suit must be 'unequivocally expressed in the statutory text.'" Id. (citing Lane v. Pena, 518 U.S. 187, 192 (1996)).

   B. Amador County and City of Ione

While "municipalities and other local government units . . . [are] among those persons to whom § 1983 applies," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation,'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385. In other words, a Monell claim exists only where the alleged constitutional deprivation was inflicted in "execution of a government's policy or custom." Monell, 436 U.S. at 694. Here, the complaint contains no such allegations against the City of Ione or the County of Amador. Accordingly, the complaint fails to state a claim against either defendant.

   C. Conditions of Confinement

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The

official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. Then he must fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Plaintiff's conclusory and speculative allegations about the hidden purposes of construction projects, water testing, and the use of water treatment chemicals do not plausibly show the water is contaminated, that dangerous chemicals remain in the water when used or consumed by plaintiff, or that defendants are, subjectively, deliberately indifferent to a serious risk of harm. In addition, it is unclear how each of these defendants might have been personally involved in the alleged activities since they were not all in their respective positions at the same times, see ECF No. 1 at 2, 5-7, and plaintiff does not provide the details of the timing of the activities described. Similarly, plaintiff allegations that defendants had knowledge about allegedly contaminated water at MCSP based on their participation in meetings and that they failed to act are too vague and conclusory to adequately plead a deliberate indifference claim. More specific facts as to each individual defendant would be needed in order to plausibly show a violation.

### D.    Equal Protection

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Prisoners are not a protected class. Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998) (inmates denied tobacco use based on housing location not a protected class). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

Inmates are not a protected class for equal protection purposes, nor are they similarly situated to prison staff and employees. Accordingly, plaintiff's allegations that defendants violated his rights protected under the Equal Protection Clause also fail to state claims for relief.

VI.     Leave to Amend

For the reasons set forth above, the court finds that the complaint states a cognizable Eighth Amendment claim against defendant Lizarraga only. No other claims are sufficiently pled. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires. Plaintiff may proceed forthwith to serve defendant Lizarraga on his Eighth Amendment claim based on the attempt to repair the water and sewer mains or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his sole claim against defendant Lizarraga without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all claims and defendants except for the Eighth Amendment claim against Lizarraga based on the attempt to repair the water and sewer mains.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated an Eighth Amendment claim against defendant Lizarraga based upon his attempt to fix the water and sewer mains. You have not stated any other claims for relief. To state a claim against the other defendants you must alleged specific facts showing that each defendant was aware of a serious risk to your health and disregarded that risk.

You have a choice to make. You may either (1) proceed immediately on your Eighth Amendment claim against defendant Lizarraga based upon his attempt to fix the water and sewer mains and voluntarily dismiss the other claims or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all other claims and defendants. If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff has stated a cognizable Eighth Amendment claim against defendant Lizarraga based on the attempt to repair the water and sewer mains. Plaintiff's allegations do not state any other claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment claim against defendant Lizarraga based on the attempt to repair the water and sewer mains as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all defendants and claims except for the Eighth Amendment claim against defendant Lizarraga based on the attempt to repair the water and sewer mains.

DATED: October 16, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JEREL WILLIAMS,<br><br>       Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>       Defendants. | No.  2:21-cv-1559 AC P<br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claim against defendant Lizarraga based on the attempt to repair the water and sewer mains without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all other claims and defendants pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                              Brandon Jerel Williams
                                              Plaintiff pro se

1