UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JEREL WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:21-cv-1559 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed October 17, 2023, plaintiff's complaint was screened and he was given the option of amending the complaint or proceeding immediately on cognizable claims only. ECF No. 6. Plaintiff has now filed a first amended complaint. ECF No. 9.

I.         <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

////

1

1    A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II.     First Amended Complaint

The first amended complaint alleges that defendants Lizarraga, Covello, Kernan, Diaz, Toche, Gipson, Bettencourt, Ahmed, Larrabee, Hold, and Altevost violated plaintiff's rights under the Eighth Amendment. ECF No. 9. Plaintiff alleges that the water provided at Mule Creek State Prison (MCSP) for drinking and bathing is contaminated and that the named defendants are all supervisors with a statutory and regulatory responsibility for management of the prison and that they failed to provide warnings or disclosures about the water contamination. Id. at 1, 7-8. As a result of the contaminated water, plaintiff has suffered from constant diarrhea, headaches, abdominal pains, gastroesophageal reflux disease, irritable bowel syndrome, and infection with H. pylori. Id. at 12. He further appears to allege that defendants have violated various state statutes and regulations as well as the Clean Water Act (CWA) and Safe Drinking Water Act (SDWA). Id. at 7-11.

## III.    Failure to State a Claim

The complaint fails to state a claim against any defendant because plaintiff makes only conclusory allegations that the water at MCSP is contaminated and that, as supervisors, defendants are all liable. "There is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), and the complaint provides no specifics regarding the water contamination or any defendants' involvement in causing or failing to address the contamination, see Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009) ("'[C]onclusory allegations of law and unwarranted inferences are insufficient' to avoid a Rule 12(b)(6) dismissal"); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant." (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980))). Furthermore, to the extent plaintiff is attempting to bring state tort law claims or claims under the CWA and SDWA, he has failed to allege compliance with the applicable notice statutes. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government

Claims Act is an element of the cause of action and must be pled in the complaint); Cal. Gov't Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller"); Ctr. for Biological Diversity v. Marina Point Dev. Co., 566 F.3d 794, 800 (9th Cir. 2009) (providing sixty-day notice required by Clean Water Act is "a jurisdictional necessity" (citations omitted)); Curtis v. City of Bullhead, 69 F. App'x 377 (9th Cir. 2003) (noting SDWA and CWA have identical notice requirements and holding district court correctly concluded it lacked subject matter jurisdiction where there was not adequate notice under Clean Water Act and Safe Drinking Water Act). For these reasons, the first amended complaint fails to state a claim for relief.

IV. Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint. If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint,

any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your complaint will not be served because the facts you alleged are not enough to state a claim. You have not alleged any facts regarding the defendants' own actions. The fact that they are supervisors or have a duty under state law to manage the water is not enough to state a claim against them under § 1983. They must have personally participated in the violation. You also have not alleged that you complied with the notice of claim statutes for state tort law claims or claims under the Clean Water Act and Safe Drinking Water Act.

You may amend your complaint to try to fix these problems. Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in your previous complaints. **Any claims and information not in the amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. The first amended complaint fails to state a claim upon which relief may be granted, <u>see</u> 28 U.S.C. § 1915A, and will not be served.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

////

////

////

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: November 9, 2023

_ALLISON CLAIRE_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE