UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JEREL WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:21-cv-1559 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed November 13, 2023, the court screened the first amended complaint and found it did not state any claims on which relief could be granted. ECF No. 10. Plaintiff was given leave to amend and he has now filed a second amended complaint. ECF No. 11.

I.   <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

1

1   Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
2   theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,
3   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
4   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a
5   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
6   Franklin, 745 F.2d at 1227-28 (citations omitted).

7       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
8   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
9   what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550
10  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
11  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
12  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,
13  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure
14  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
15  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
16  speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain
17  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
18  cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
19  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

20      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
21  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
22  Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
23  content that allows the court to draw the reasonable inference that the defendant is liable for the
24  misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this
25  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
26  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
27  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
28  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II. Second Amended Complaint

The second amended complaint alleges that defendants Lizarraga and Covello violated plaintiff's rights under the Eighth Amendment. ECF No. 11. Plaintiff alleges that the water provided at Mule Creek State Prison (MCSP) for drinking and bathing is contaminated and that the defendants are the previous and current warden of MCSP, and therefore responsible for the water. Id. at 1-2. Bottled water has been supplied to employees at the prison, who have also been informed that the water is contaminated and polluted, but inmates including plaintiff were not notified and have not received bottled water. Id. at 2. As a result of the contaminated water, plaintiff and other inmates have suffered from illnesses and defendants have "failed in their duty as both custodial guardians and the superintendent of discharge regarding drinkable water source." Id. at 2.

## III. Failure to State a Claim

As with the first amended complaint, the second amended complaint fails to state a claim against either defendant because plaintiff makes only conclusory allegations that the water at MCSP is contaminated and that, as supervisors, defendants are all liable. "There is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), and the complaint provides no specifics regarding the water contamination or any defendants' involvement in causing or failing to address the contamination, see Cousins v. Lockyer, 568 F.3d 1063, 1067 (9th Cir. 2009) ("'[C]onclusory allegations of law and unwarranted inferences are insufficient' to avoid a Rule 12(b)(6) dismissal"); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant." (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980))). For this reason, the second amended complaint fails to state a claim for relief.

## IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United

3

States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted. Plaintiff has already been given two opportunities to amend the complaint and advised what kind of information he needed to provide. Rather than providing additional information, plaintiff has provided progressively less information with each amendment. It therefore does not appear that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

V. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that the second amended complaint be dismissed without leave to amend because you have not alleged any facts regarding the defendants' actions. The fact that they are supervisors or have a duty to manage the water is not enough to state a claim against them under § 1983. They must have personally participated in the violation.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMEDED that the second amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE